## No. 6090.

## GLOBE REALTY COMPANY, LIMITED, vs. B. DE JEAN AND P. FLETTERICH.

### Syllabus.

Questions of fact only are involved.

Appeal from the Civil District Court for the Parish of Orleans, Division "D," No. 97,231. Hon. Porter Parker, Judge.

F. Rivers Richardson, for plaintiff and appellant.

Wm. H. Brynes, Jr., for defendant and appellee.

His Honor, EMILE GODCHAUX, delivered the opinion and decree of the Court, as follows:

Plaintiff claims of defendant rent, for having enclosed and taken possession of, and for having used and enjoyed as a pasture, three squares of ground situated within that more or less vacant, unimproved and unopened section of the city, largely devoted to dairies, and extend-

ing back or north from the Claiborne Canal, and between an extension of the line of Peters Avenue on the one side and the Bloomingdale line on the other or westward side. In that vicinity there are no streets physically opened or laid out and they exist to the extent only that they are displayed as such upon plats, surveys, etc.

Defendants leased from a third person and had a right to pasture their cattle upon eleven squares of ground situated within and forming a part of the east half of this section, but as there was no separating fence then existing, their cattle, in common with the cattle of sundry other persons, undoubtedly from time to time, or perhaps continually, strayed, trespassed and pastured upon the west half, within which two of plaintiff's squares were located. Plaintiff's third square is widely separated from these two and is situated in the northeast corner of the east half.

Plaintiff's claim is that, though defendant had a lease of only eleven squares in the east half, the latter enclosed and in fact occupied as a pasture the entire section, thus embracing and using the three squares for the occupancy and enjoyment of which rent is now demanded.

The evidence shows that it was the work of a third party and that defendants had nothing whatever to do with the erection or maintenance of the fence along the Bloomingdale line, which was far removed from the property they leased, or that they in any way attempted to keep in repair the fences in the rear and along the Claiborne Canal, these fences extending only partially over their property and to a greater extent over that of other persons.

So that defendants in no sense can be held to have enclosed and taken possession of plaintiff's squares. In fact all that can be said is that defendants failed to erect

fences or barriers so as to keep their cattle within the enclosure of their property, as a result of which their cows were permitted to roam at large and to trespass upon the property of others; and perhaps upon plaintiff's three squares which existed within this open and somewhat marshy section without a single fence, post or other monument to indicate their bounds or location.

In an appropriate form of action and upon proof of the trespass and the injury sustained, plaintiff might be entitled to recover, but he cannot do so in the present proceeding, which is founded upon the theory that plaintiff enjoyed and dispossessed him of his property without compensation, and wherein neither the trespass nor the extent of the damage has been proved with the required certainty.

The judgment of the trial Court dismissing plaintiff's suit is accordingly affirmed.

Judgment affirmed.

Opinion and decree, June 1st, 1914.